SEMENZA RICKARD LAW
Jarrod L. Rickard, Esq., Bar No. 10203
10161 Park Run Drive, Ste. 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669
Email: jlr@semenzarickard.com

FAIRFIELD AND WOODS, P.C.
J. Mark Smith, Esq. (*admitted pro hac vice*)
1801 California Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
Email: jmsmith@fwlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NULEAF NATURALS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JUSHI NV, INC., a Delaware Corporation; NULEAF INCLINE DISPENSARY, LLC, a Nevada Limited Liability Company; NULEAF CLV DISPENSARY, LLC, a Nevada Limited Liability Company; and NULEAF CLARK DISPENSARY, LLC, a Nevada Limited Liability Company,<br><br>Defendants. | Civil Action No.: 24-cv-02075-CDS-DJA<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED**<br><br>**AS AMENDED ON PAGE 6** |

Plaintiff, NuLeaf Naturals, LLC, and Defendants Jushi NV, Inc., NuLeaf Incline Dispensary, LLC, Nuleaf CLV Dispensary, LLC and NuLeaf Clark Dispensary, LLC (collectively "Defendants"), by and through their respective counsel, hereby submit the following Stipulated Proposed Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule ("LR") 26-1.

1

1. **Request for Special Scheduling.** The parties jointly request special scheduling be permitted to accommodate their respective schedules and conflicts with other case schedules. The proposed dates are not substantially longer than the regular schedule set forth in the LR 26-1 and the extended time would not prejudice either side. The parties also propose modification of the timelines for expert disclosures and depositions for the reasons discussed below.

2. **Procedural History.** Plaintiff filed its Complaint for an Injunction for Trademark Infringement on November 7, 2024 (Doc. 1). Defendants first appeared in this matter by the parties' filing of a Stipulation and Order to Extend Deadline to Respond to Plaintiff's Complaint for an Injunction for Trademark Infringement on December 2, 2024 (Doc 13). The Defendants filed their Answer and Counterclaims on January 3, 2025. The Plaintiff/Counterclaim Defendant filed its Answer to the Counterclaim on January 28, 2025. The Defendants filed their Amended Answer and Counterclaims on February 18, 2025.

3. **Federal Rule of Civil Procedure 26(f) Meeting.** Pursuant to Federal Rule of Civil Procedure 26(f), on February 6, 2025, Counsel for Plaintiff, J. Mark Smith and Counsel for Defendants, Jonathan Lagarenne and Kevin Sutehall, participated in a Rule 26(f) Conference.

4. **Statement of Claims and Defenses/Subjects on Which Discovery May Be Needed.**

   a. **Plaintiff:** Plaintiff has asserted a claim of trademark infringement and seeks an injunction prohibiting the Defendants from using a confusingly similar trademark "NuLeaf" in its name. Plaintiff has a Federal trademark registration and also common law rights in the Name "NuLeaf Naturals". The Defendants have asserted a counterclaim to cancel the Plaintiff's registration alleging that the Plaintiff obtained the registration based on fraud in the application. The Plaintiff/Counterclaim Defendant has denied that it acted in any fraudulent manner and the registration was properly issued. The Plaintiff/Counterclaim Defendant has sold lawful goods under the subject mark. Plaintiff asserts that discovery will be needed on these claims and defenses.

2

    b. **Defendants:** Plaintiff has asserted a claim of federal trademark infringement based on the registration of its trademark "NuLeaf Naturals" and seeks an injunction prohibiting the Defendants from using the term "NuLeaf" in its name. The Defendants seek to cancel the Plaintiff's registration, alleging that the Plaintiff obtained the registration based on misrepresentations of lawful use in commerce. Defendants also have state and common law rights in the use of the "NuLeaf" in connection with the sale of THC containing products, pre-dating Plaintiff's alleged first use of its trademark in commerce, and Defendants use of Nuleaf is limited to this prior use for which no federal trademarks are allowed under Federal Law. Defendants will shortly file an amended answer asserting these state law counterclaims. Defendants assert that discovery will be needed on these claims and defenses.

5. **Discovery Limitations.**

    a. The parties do not have any agreements to conduct informal discovery.

    b. The parties do not anticipate extensive discovery. The parties propose utilizing a unified exhibit numbering system. The parties will continue to work together to try to reduce discovery and other litigation costs as the case proceeds.

    c. The parties have agreed that each side may serve up to twenty-five (25) Interrogatories, fifty (50) Requests for Production, and twenty-five (25) Requests for Admission with the understanding that either side can request an amendment to these limitations.

    d. The parties have agreed to be limited to four (4) fact witness depositions per side, two (2) expert witnesses per side, and one (1) 30(b)(6) deposition per side. Each deposition shall be limited to seven (7) hours.

    e. The parties agree that upon showing of need, they can individually or jointly seek Court intervention requesting to amend these discovery limitations.

6. **Initial Disclosures.** The parties have agreed to exchange initial disclosures on or before February 28, 2025, eight days later than the presumptive 14-day period pursuant to F.R.C.P.

3

26(a)(1)(C). The parties do not propose any other changes to the timing, form, or requirement for disclosures pursuant to F.R.C.P. 26(a).

7. **Discovery Cut-Off Date.** The fact discovery cut-off deadline shall be **Wednesday, August 6, 2025,** six months after the Rule 26(f) Conference. This deadline provides approximately 35 additional days for discovery from the presumptive deadline pursuant to LR 26-1(1) based on the date of the Defendants' first answer in light of the complexity of the parties' disputes. The expert discovery cut-off deadline is **Monday, October 6, 2025,** eight months after the Rule 26(f) Conference. The parties seek special scheduling review concerning expert discovery because the factual aspect of the case, as developed during the fact discovery, will necessarily need to be complete, or nearly so, for the experts review before their reports are provided. The extra 2 months for expert discovery will accommodate the orderly development and discovery of the experts opinions based upon the fully developed factual record and avoid any potential revisions or do-overs due to any facts developed later during the fact discovery.

8. **Amending the Pleadings and Adding Parties.** The deadline to amend the pleadings and add parties is **Thursday, May 8, 2025,** 90 days before the close of fact discovery.

9. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).** The deadline to disclose experts is **Monday, July 7, 2025,** five months after the Rule 26(f) Conference. Rebuttal expert disclosures shall be due by August 6, 2025, **30 days** after initial designation. As noted above, the parties request two months after the disclosure of rebuttal expert reports to perform expert depositions.

10. **Dispositive Motions.** The deadline for dispositive motions is **Monday, December 8, 2025,** ten months after the Rule 26(f) Conference.

11. **Pretrial Order.** The deadline to file a pretrial order is **Wednesday, January 7, 2026,** 30 days after the dispositive motion deadline. This deadline will be suspended until 30 days after decision on the dispositive motions or further Court order if dispositive motions are filed pursuant to LR 26-1(b)(5).

12. **Fed. R. Civ. P. 26(a)(3) Disclosures.** Federal Rules of Civil Procedure 26(a)(3), and any objections thereto, shall be included in the joint pretrial order in accordance with LR 26-1(b)(6).

4

13. **Whether Discovery Should be Conducted in Phases or Limited or Focused on Particular Issues.** The parties do not believe discovery should be conducted in phases or limited or focused on particular issues.

14. **Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information.** The parties do not anticipate that discovery will entail voluminous electronic discovery. The parties agree to preserve electronically stored information and intend to produce such materials in PDF format unless otherwise stipulated.

**15.** **Issues About Claims of Privilege or Protection of Work Product, Including if the Parties Agree on a Procedure to Assert These Claims After Production.** The parties do not anticipate any unique issues about claims of privilege or protection of work product and do not request any procedure to assert such claims after production. The parties request that the Court enter and adopt a suitable protective order, to be submitted, protecting confidential and proprietary information as well as preserving privilege claims for inadvertently produced documents or data. pursuant to FRE 502.

**16.** **Any Other Orders That the Court Should Issue Under F.R.C.P. 26(c) or F.R.C.P. 16(b) or (c).** None.

17. **Alternative Dispute Resolution.** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

18. **Alternative Forms of Case Disposition.** The parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73 and the use of the Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

IT IS SO STIPULATED.

Dated this 24th day of February 2025.

5

| | |
|---|---|
| FAIRFIELD AND WOODS, P.C. | FOX ROTHSCHILD LLP |
| *s/ J. Mark Smith* | *s/ Kevin M. Sutehall* |
| J. Mark Smith, Esq. (*admitted Pro Hac Vice*) | Kevin M. Sutehall, Bar No. 009437 |
| 1801 California Street, Suite 2600 | Mark J. Connot, Bar No. 010010 |
| Denver, Colorado 80202 | One Summerlin |
| Email: jmsmith@fwlaw.com | 1980 Festival Plaza Drive, Suite 700 |
| | Las Vegas, Nevada 89135 |
| SEMENZA RICKARD LAW | Email: ksutehall@foxrothschild.com |
| Jarrod L. Rickard, Esq., Bar No. 10203 | Email: mconnot@foxrothschild.com |
| 10161 Park Run Drive, Suite 150 | |
| Las Vegas, Nevada 89145 | *Attorneys for Defendants* |
| Email: jlr@semenzarickard.com | |

*Attorneys for Plaintiff*

## ORDER

The Court grants in part and denies in part the parties' stipulated discovery plan because the Court declines to bifurcate discovery into fact and expert discovery. The Court appreciates that trademark suits may be highly technical, but is nonetheless not inclined to bifurcate discovery in this manner. In the Court's experience, bifurcating discovery leads to disputes over what discovery is properly qualified as "fact" or "expert" discovery. Additionally, the parties may set internal deadlines that are not monitored by the Court to ensure that they complete their fact-based discovery before proceeding with expert discovery. However, the Court will grant the parties' request for an additional two months after rebuttal expert disclosures to perform expert depositions.

**IT IS THEREFORE ORDERED** that the parties' stipulated discovery plan is **GRANTED IN PART AND DENIED IN PART.** It is denied in part regarding the parties' proposed discovery deadlines, as outlined below. It is granted in all other respects.

**IT IS FURTHER ORDERED** that the below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | May 8, 2025 |
| Expert disclosures: | June, 9, 2025 |
| Rebuttal expert disclosures: | July 9, 2025 |
| Close of discovery: | September 8, 2025 |
| Dispositive motions: | October 8 2025 |
| Joint pretrial order: | November 7, 2025 |

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: February 25, 2025

6